IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER ROMERO,

      Plaintiff,

v.                                                                  No. CIV-07-0398 BB/WDS

CHAVES COUNTY BOARD
OF COUNTY COMMISSIONERS, et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's original and amended civil rights complaints (Docs. 1, 3, 5, 8). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against the named Defendants will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---,

---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

As noted in an earlier order, Plaintiff complains of numerous constitutional violations by law enforcement, corrections officers, a judge, and others (including a private party) during and after his arrests, two criminal proceedings, and his incarceration. The initial events occurred in late 2005, and one of the prosecutions ended in acquittal. Plaintiff remains incarcerated.

In two of his pleadings (Docs. 3, 5), Plaintiff asserts claims that arose from a state criminal proceeding, No. CR-2006-0150, in which he was convicted. He does not identify the charges against him in that prosecution. Plaintiff alleges that evidence seized during an illegal warrantless search was used to convict him and exculpatory evidence was concealed. He also was subjected to excessive bail and denied a speedy trial. The trial judge was fully aware of the conspiracy among other Defendants to violate Plaintiff's rights. Plaintiff contends that Defendants' actions violated several of his constitutional protections. He seeks damages.

Plaintiff's allegations of illegal search and concealed evidence appear to call into question the constitutionality of the criminal conviction by which Plaintiff is incarcerated. These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Plaintiff's excessive-bail and speedy-trial claims are also barred under the rule in *Heck*. *See Pettit v. Whetsel*, No. 99-6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999). The complaint does not allege that Plaintiff's conviction has been set aside, *see Heck* at 486-87, and thus his allegations relating to state

criminal prosecution No. CR-2006-0150 fail to state a claim cognizable under § 1983. *Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

In two other pleadings (Docs. 1, 8), Plaintiff asserts claims arising from a shoplifting prosecution, No. CR-2005-3580, that ended in acquittal. He alleges that his arrest, detention, and prosecution on a shoplifting warrant resulted from a conspiracy between a private company and law enforcement officials. He was subjected to a strip search at the Chaves County Detention Center after arrest. While confined at the detention center, Plaintiff was denied a breakfast tray, recreation activity, and access to legal materials. He contends that Defendants' actions amounted to malicious prosecution and violated his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments, as well as state law. He also seeks damages on these claims.

Plaintiff's allegations in these two pleadings do not state claims against the Defendants named therein. First, no factual allegations are made against Defendants Chaves County Board of County Commissioners, Detention Center, Sheriff's Department, or the Roswell Police Department affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a municipal agency may not be based solely on a theory of respondeat superior liability for the actions of employees. *See id.* "To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81

F.3d 988, 993-94 (10th Cir. 1996); *see also Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998). The Court will dismiss claims against these Defendants.

Nor is relief available against Defendant Westlake Hardware, Inc. For purposes of the "color of state law" element of § 1983, a private entity's conduct does not fall within the meaning of the statute except in certain limited circumstances. *Gallagher v. "Neil Young Freedom Concert*," 49 F.3d 1442, 1446-47 (10th Cir. 1995) (describing four judicially devised tests to determine whether a private party has acted under color of law). Here, Plaintiff makes only conclusory allegations of Westlake's "close and continuous relationship with Governmental agencies." (Doc. 8, p.2). A "court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). Claims against the Defendants named in Plaintiff's original and amended complaints (Docs. 1, 8) will be dismissed. Plaintiff will be allowed the opportunity to identify appropriate individual defendants. Failure to respond to this order may result in dismissal of the action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Chaves County Board of County Commissioners, Chaves County Detention Center, Chaves County Sheriff's Department, Roswell Police Department, and Westlake Hardware, Inc., are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's claims against all other named Defendants are DISMISSED without prejudice, and these other named Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file a response to this order, identifying the individuals allegedly responsible for the violations asserted in his original complaint (Doc. 1) and his amended complaint (Doc. 8).

                                               *Bruce D. Black*
                                               UNITED STATES DISTRICT JUDGE